[No. B003503. Second Dist., Div. Two. Nov. 27, 1984.]

TONY REYES, Plaintiff and Appellant, v.
DEPARTMENT OF MOTOR VEHICLES et al.,
Defendants and Respondents.

**COUNSEL**

Don Boehme for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, Henry G. Ullerich and Martin H. Milas, Deputy Attorneys General, for Defendants and Respondents.

**OPINION**

**ROTH, P. J.**—Appellant was arrested on January 27, 1983, for driving while under the influence of an alcoholic beverage, in violation of Vehicle Code section 23152, subdivision (a). After the arresting officer executed a statement that appellant had failed to complete a chemical test agreeably with Vehicle Code section 13353, the Department of Motor Vehicles (Department) issued an order suspending appellant's driver's license for a period of six months. Following a hearing wherein appellant contested this determination, the suspension order was upheld. Appellant then petitioned the superior court for a writ of mandate, alleging that the Department's decision was without evidentiary support. Denial of that petition occasioned this appeal. We affirm.

At the time of his arrest, having been transported to the police station and advised he could submit to chemical testing procedures involving breath, blood, or urine, appellant chose the urine test, the mechanics of which required him to first void his bladder and, after 20 minutes, to provide a urine sample. While appellant was voiding, the arresting officer noticed that only one bottle of the kind used in the test remained in the station's inventory, and he remarked upon the fact to the jailor. About 25 minutes after

appellant had voided, the arresting officer handed him the last bottle and requested a sample. According to the officer's testimony given at the Department hearing previously referred to, the following transpired:

"[Officer] SHELTON: Yes sir, I—I escorted him to the restroom, handed him the bottle, and told him to give us the sample in this. And at this time he took the bottle and dropped it into the urinal.

"[Referee] NAKAMA: Uh huh. Did you actually see it falling, or did you know how it—or did you see it—him do it, throw—Did you see him dropping it?

"OFF. SHELTON: I saw him drop it.

"REF. NAKAMA: Uh huh. Uh, how did he drop it?

"OFF. SHELTON: Just held it over the uh—commode and opened his hand.

"REF. NAKAMA: Was it in front of his penis, up, down or high up?

"OFF. SHELTON: It was approximately even with his belt buckle.

"REF. NAKAMA: Uh huh.

"OFF. SHELTON: at [sic] this time. It was at this time he hadn't removed his penis to give uh sample. He just turned around, right over the commode, opened his hand, and it dropped into the water.

"REF. NAKAMA: Okay, uh—Then what did you do?

"OFF. SHELTON: Uh—He attempted to retrieve the bottle and give me a sample, and I told him we could not do that because it would have been contaminated. Uh—I informed him that we had no other bottles and that he would have to submit to either the breath or the blood test. And at this time he refused. He said that he would only take the urine test. He said the urine test was what he had consented to, and that's the only test test [sic] he would take."

■    While appellant's testimony at the hearing denied there was anything intentional in his dropping the bottle, the conclusion he did so deliberately is supported by substantial evidence. (See *Gobin* v. *Alexis* (1984) 153 Cal.App.3d 641, 646 [200 Cal.Rptr. 397].) That being the case, his further contention the officer's conclusion the container was contaminated was without adequate foundation, so that the bottle should have been availed of after

it had been cleaned, or that alternatively another should have been procured or appellant should have been transported to where another could be found, misconstrues what, upon settled principle, is the applicable law in such instances, namely, that "a person may not complain of the suspension of his driver's license if, by his own actions, he frustrates . . . the administration of the chemical test" and that "the inebriated driver, by obstreperous behavior, may subjugate neither the arresting officer nor the statute to his whims." (*Morphew* v. *Department of Motor Vehicles* (1982) 137 Cal.App.3d 738, 743-744 [188 Cal.Rptr. 126].)

The judgment appealed from is affirmed.

Beach, J., and Gates, J., concurred.